UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

KEVIN VON FELDT and
CHAU T. TRINH,

Plaintiffs, Civil No. 00-1819 (JRT/FLN)

v.

STEVEN FRIENDSHUH, THOMAS L. MCDONNELL, and CAROL MCDONNELL,

Defendants.

**TEMPORARY RESTRAINING ORDER**

---

This matter came before the Court on August 14, 2000 at 8:30 a.m. on plaintiffs Kevin Von Feldt and Chau T. Trinh's motion for a temporary restraining order pursuant to Rule 65, Fed. R. Civ. P. Steven T. Appleget, Esq., appeared on behalf of plaintiffs. Defendants did not appear.

The Court has considered the complaint, the motion, and other written submissions of plaintiffs. For the reasons set forth below, the Court grants plaintiffs' motion.

Plaintiffs are a married couple residing with their minor children in Wisconsin. On August 27, 1997, plaintiffs entered into a consumer credit transaction with defendants. In connection with this transaction, defendants retained a security interest in plaintiffs' dwelling. Although the record is not clear on this point, plaintiffs apparently defaulted on the loan and defendants commenced a foreclosure proceeding in Wisconsin

FILED AUG 14 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

state court. This proceeding is scheduled to be finalized at a Confirmation of Sale at 1:30 p.m. on August 14, 2000, at which time plaintiffs will lose all right to the property.

Plaintiffs allege that defendants failed to give them notice of the right of rescission as required by the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. Plaintiffs notified defendants of their intent to rescind the transaction in November 1999. As a result of defendants' alleged failure to comply with the Truth in Lending Act, plaintiffs claim that defendants' security interest in the property is void.

Plaintiffs commenced this action by filing a *pro se* summons and complaint on August 1, 2000, and subsequently retained counsel on August 10, 2000. Plaintiffs' counsel has contacted the attorney representing defendants in the foreclosure action to notify him of plaintiffs' motion. This attorney is not representing defendants in the instant case, however. Plaintiffs' counsel has also attempted to reach defendants directly by telephone, and left messages regarding plaintiffs' motion and the date and time of the hearing. Defendants have not yet responded to counsel or contacted the Court.

The Court finds that plaintiffs and their counsel have made every effort to notify defendants of their motion and the hearing. The Court further finds that without the issuance of a temporary restraining order, plaintiffs will suffer immediate and irreparable injury. The final confirmation of the foreclosure is scheduled to take place within a few hours, at which point plaintiffs will lose all rights to their dwelling in which they reside with their minor children. Even if plaintiffs ultimately prevail under the Truth in Lending Act, it is by no means clear that they will be able to regain possession of the property, where they have lived for six years. In addition, plaintiffs' children attend school nearby

and are preparing to return to school in several weeks. A foreclosure on the property followed by an eviction of plaintiffs would result in significant disruption to the children. Having found that plaintiffs are certain to suffer immediate and irreparable injury and that this injury will occur before defendants may be heard in opposition, the Court grants plaintiffs' motion for a temporary restraining order.

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion for a temporary restraining order [Docket No. 2] is **GRANTED**.

2. For a period of ten (10) days from the date of this Order, defendants are hereby **ENJOINED and RESTRAINED** as follows:

   a. Defendants shall not proceed with a Confirmation of Sale with respect to the real property legally described as:

      > Part of Govt. Lot 1, Sec. 17, Twnshp 38 N , Range 10 W., and Lot 2, Forest Park Subd., Washburn Co., Wisconsin, described as Lot 2 on Vol. 8 of CSM, p. 112 as Survey No. 1951, Doc. No. 231024;

   b. Defendants shall not take any action against plaintiffs in an attempt to collect any amount allegedly due from plaintiffs pursuant to a certain mortgage, Document No. 253938, filed and recorded in Washburn County, Wisconsin.

3. Pursuant to Rule 65(c), Fed. R. Civ. P., this Order shall become effective upon plaintiffs posting a bond in the sum of Five Hundred Dollars ($500) with the Clerk of Court for payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained or enjoined. The Court will further consider the sufficiency of this bond amount at the preliminary injunction hearing.

4. Plaintiffs shall serve this Order personally upon defendants by handing to and leaving with them one true and correct copy hereof.

5. A hearing on the preliminary injunction will be held Thursday, August 24, 2000, at 10 a.m. before United States District Judge John R. Tunheim 13E United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.

6. Defendants are directed to deliver memoranda responding to the motion for a preliminary injunction to the Clerk's office in the Courthouse no later 3:00 p.m. on Tuesday, August 22, 2000.

TIME: 11:30 Am
DATE: August 14, 2000

Franklin L. Noel
FRANKLIN L. NOEL
Chief Magistrate Judge