**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

KEVIN VON FELDT and CHAU T. TRINH,

Plaintiffs,

v.

STEVEN FRIENDSHUH, THOMAS L. MCDONNELL, and CAROL MCDONNELL,

Defendants.

Civil No. 00-1819 (JRT/FLN)

**ORDER DISMISSING CASE FOR LACK OF JURISDICTION**

---

Steven T. Appelget, APPELGET LAW OFFICE, 1102 Grand Avenue, St. Paul, MN 55105, for plaintiffs.

James W. Flory, WILEY COLBERT NORSENG CRAY & HERRELL, 21 South Barstow Street, P.O. Box 629, Eau Claire, WI 54702, and William P. Wassweiler, RIDER BENNETT EGAN & ARUNDEL, 2000 Metropolitan Centre, 333 South Seventh Street, Minneapolis, MN 55402, for defendants.

This matter is before the Court on plaintiffs Kevin Von Feldt and Chau T. Trinh's motion for a preliminary injunction pursuant to Rule 65, Fed. R. Civ. P. For the reasons set forth below, the Court denies plaintiffs' motion and dismisses the action for want of jurisdiction.

Plaintiffs are a married couple residing with their minor children in Wisconsin. Plaintiff Kevin Von Feldt purchased the family's residence in Wisconsin pursuant to a

FILED AUG 24 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. AUG 24 2000
DEPUTY CLERK

land contract, which was subject to a foreclosure proceeding in 1997. On August 27, 1997, defendants loaned plaintiffs funds toward the purchase of the residence and took back a first mortgage on the real estate. Plaintiffs thereafter defaulted on the loan and defendants commenced a foreclosure proceeding in Wisconsin state court. Defendants obtained a judgment granting a mortgage foreclosure in October, 1998. Plaintiffs appealed that judgment to the Wisconsin Court of Appeals, which affirmed the judgment of foreclosure and remanded for further findings on attorney fees. *See McDonnell v. Von Feldt*, 604 N.W.2d 305, 1999 WL 970873, at *1 (Wis. Ct. App. Oct. 26, 1999). In affirming the judgment, the Court of Appeals rejected plaintiffs' argument that defendant Steven Friendshuh ("Friendshuh") violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667. *See id.* The court held that TILA did not apply to plaintiffs' mortgage transaction because Friendshuh is not a "creditor" within the meaning of TILA. *See id.*; *see also* 15 U.S.C. § 1602(f) (defining "creditor"); 12 C.F.R. § 226.2(a)(17)(i) n.3 (same). The Wisconsin Supreme Court denied plaintiffs' petition for further review.

Undeterred, plaintiffs filed a number of bankruptcy proceedings, which delayed the final Confirmation of Sale for the foreclosure several times. Ultimately, however, defendants were able to obtain relief from the automatic bankruptcy stays and yet another Confirmation of Sale was scheduled to take place at 1:30 p.m. on August 14, 2000. Plaintiffs then commenced this action by filing a *pro se* summons and complaint on August 1, 2000, and subsequently retained counsel on August 10, 2000. At 11:30 a.m. on August 14, 2000, this Court entered a temporary restraining order enjoining defendants from proceeding with the Confirmation of Sale.

Plaintiffs allege that defendants failed to give them notice of the right of rescission as required by TILA, *see* 15 U.S.C. 1635(a), and that as a result of this alleged failure, defendants' security interest in the property is void. Plaintiffs have already litigated and lost this issue in Wisconsin state court, however, and this subsequent attempt at re-litigation is barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Under *Rooker-Feldman*, federal district courts lack subject matter jurisdiction over challenges to state court decisions in judicial proceedings. *See Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995). If the relief requested in federal court would effectively reverse the state court's decision or void its ruling, *Rooker-Feldman* precludes the assertion of federal jurisdiction. *See id.*; *In re Ferren*, 203 F.3d 559, 560 (8th Cir. 2000).

At oral argument, plaintiffs asserted that *Rooker-Feldman* should not apply because, in creating federal remedies for borrowers under TILA, Congress has expressed its intention to exercise its Supremacy Clause power to permit parties such as plaintiffs to proceed in federal court. That argument might have some force if state courts lacked jurisdiction to decide issues arising under TILA, but such is not the case. The issue here is not whether plaintiffs should be permitted to assert their rights under TILA. They have already done so in state court, and state courts, no less than federal courts, are capable of deciding issues of federal law. *See Merle Norman Cosmetics, Inc. v. Victa*, 936 F.2d 466, 468 (9th Cir. 1991).

The Wisconsin Court of Appeals held that TILA did not apply to plaintiffs' mortgage transaction. Plaintiffs' only claims for relief in this case arise under TILA, and the bulk of plaintiffs' allegations in the complaint relate to their argument that TILA applies to their transaction. Plaintiffs' complaint is thus a bald attack on a state court judgment, which is not permitted under *Rooker-Feldman*. The Court therefore must dismiss this action for lack of jurisdiction.

**ORDER**

Based on the foregoing, the arguments of counsel, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion for a preliminary injunction [Docket No. 2] is **DENIED**; and

2. Plaintiffs' complaint [Docket No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 24, 2000
at Minneapolis, Minnesota.

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> *This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

FORMS\APPEALNO.CIV
r. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd